UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-21682-CIV COOKE/BANDSTRA

UNITED STATES POSTAL SERVICE,

    *Plaintiff*,

v.

AMERICAN POSTAL WORKERS
UNION, *et al.*,

    *Defendants*,

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**THIS MATTER** is before the court upon Plaintiff United States Postal Service's ("USPS") and Defendant United National Learning Academy, Inc.'s ("UNLA") Motions for Summary Judgment [DE 79 & 80]. Both motions center on the same contract assignment issue, and in the interest of efficiency, both will be resolved together.

**I.**  **Facts**

The undisputed facts of the case are as follows. On July 26, 1990, the USPS entered into a ground lease, leasing a portion of its property to the American Postal Workers Union ("APWU") and One Seven Two Holdings Association, Inc. ("172") for a period of forty years. The lease provided that the property was only to be used for the construction and operation of a not-for-profit dependent child care facility. The facility was also only to be used to provide care to the children of USPS employees. APWU and 172 built a daycare facility on the property. On June 24, 1994, APWU and 172 entered into a lease managing agreement (the "LMA") with

1

UNLA to perform day care services on the property. In 2002, UNLA became interested in purchasing the building which housed the child care facility, and obtaining APWU and 172's interests in the ground lease.

APWU and 172 presented Robert A. Petty ("Petty"), a Real Estate Specialist for the USPS responsible for administration of the ground lease, with a consent agreement to obtain the USPS's approval of the assignment of the lease. On June 21, 2002, Petty signed the consent agreement on behalf of the USPS and it was mailed back to APWU with the instruction that APWU, 172 and UNLA were to sign the agreement and return it to the USPS for processing. The agreement was never signed or returned, but UNLA did go on to purchase the facility and continue operating it as a daycare center. On July 30, 2002, UNLA, APWU and 172 executed a Special Warranty Deed and Mortgage for the building on the property, which the USPS received a copy of.

On October 28, 2005, Brian F. Pease, the Real Estate Manager for the southeast region of the USPS, sent a letter to the attorney for APWU and 172. The letter stated that APWU and 172 were in breach of the ground lease on three grounds: 1) they were allowing children of non-postal workers to enroll in the facility without obtaining written permission of the supervisor of the main post office; 2) they had not obtained prior written consent to the alleged assignment of the lease; and 3) they were operating the child care facility on a for-profit basis. UNLA did not receive a copy of this letter. This letter was never responded to, and on April 27, 2006, the ground lease was terminated by Brian F. Pease's successor, Jody Sloan. On May 31, 2006, an APWU and 172 executive sent a letter to the USPS requesting reconsideration of the contracting officer's decision. On June 20, 2006, Sloan denied APWU and 172's request for reconsideration

of the termination of the ground lease.  Sloan then referred APWU and 172 to the April 27, 2006, final decision letter for their appeal rights.  After their request for reconsideration was denied, APWU and 172 never formally appealed the contracting officer's decision.  Sloan never sent any notice of this termination to UNLA, but an APWU and 172 executive did forward a copy of the termination letter to UNLA on June 30, 2006.

**II.     Summary Judgment Standard**

Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue as to any material fact and compels judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Only the existence of a genuine issue of material fact, as opposed to a simple factual dispute, will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which they jury could reasonably find for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

**III.    Discussion**

    **A.**     <u>Jurisdiction</u>

The first issue to be addressed is whether this court has subject matter jurisdiction.  The contract at issue contains a clause in Paragraph 28 that states that the contract is subject to the Contract Disputes Act of 1978, 41 U.S.C. §601-13, (the "CDA") and that all disputes arising out of the contract must be handled in accordance with the CDA.  Under the CDA, the decision of the contracting officer is final and not subject to review by any forum unless an appeal is timely

3

filed.[1]  41 U.S.C. §605(b).  No appeal of the original contracting officer's decision was ever filed by UNLA.  However, the CDA states that "the contracting officer shall issue his decisions in writing, and shall mail or otherwise furnish a copy of the decision to the contractor."  41 U.S.C. §605(a).  The contract officer's decision was never mailed to UNLA, and the USPS contends that the reason no notice of this decision was ever sent to UNLA was because it was not a proper party to the contract.  UNLA, however, argues that it was properly assigned the lease and that it should have been given notice of the contracting officer's decision and their right to appeal, as required by the CDA.  Here, the court is not reviewing the actual termination and basis for that decision.  Instead, the review focuses only on whether the procedures surrounding the termination were proper.  Therefore, the central question is whether the lease was properly assigned to UNLA.

      B.     <u>The Assignment</u>

Whether there was a valid assignment depends on whether there was a valid transfer of the ground lease.  The Statue of Frauds in Florida states that no "action shall be brought . . . for any lease thereof for a period of longer than one year . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and

---

[1] Under the CDA, a party has two possible routes to appeal the contracting officer's decision.  After the party receives the decision, they have 90 days to appeal the decision to an agency board of contract appeals.  41 U.S.C. §606.  If the party chooses not to appeal the decision to this board, they can also bring an action directly in the United States Court of Federal Claims within 12 months of receiving the contracting officer's decision.  41 U.S.C. §609(a).  In this case, APWU and 172 did not exercise either of these options.  They were provided an explanation of their appeal rights along with the letter of termination as required by the CDA. 41 U.S.C. §605(a).  Both APWU and 172 were given the proper statutory notice of the decision along with their options for appeal and chose to do nothing, and now the window of opportunity to appeal is closed.

signed by the party therewith . . . ."[2]  Fla.Stat. §725.01.  The proposed assignment in the immediate case was of a lease of longer than one year.  A written instrument was therefore required.  Here, UNLA, APWU and 172 argue the mortgage constitutes just such an instrument.

When discussing the Statute of Frauds, a Florida court noted that "it is established law that in order for an unsigned writing to be used to supply the essential elements of an enforceable contract, there must be some reference to that unsigned writing in the signed writing." *Socarras v. Claughton Hotels, Inc.*, 374 So.2d 1057, 1059 (Fla. App. 1979).  The document entitled "Assignment of Ground Lease and Consent to Assignment of Ground Lease" was signed by the USPS, but never signed by APWU, 172 or UNLA.  Also, APWU, 172 and UNLA did not present any document that proves that there was a formal assignment, in writing, between them.  Nor do they present any memorandum or writing between them that referenced the Assignment and was signed by the parties.  In order to constitute a valid assignment of a leasehold interest, the assignment must be in writing and must be executed by the assignor. *See Fla. Jur. 2d Landlord and Tenant* §133.  APWU, 172 and UNLA had the opportunity to sign the assignment document provided them by the USPS but either actively chose not to, or simply neglected to do so.  In either case, the document was never signed, and the assignment of the lease was never executed.

The Special Warranty Deed and Mortgage does not constitute an assignment of the ground lease.  In Paragraph 7, it unequivocally states that the terms of the mortgage are "for the building [only]".  There is no mention of an assignment of the lease anywhere in the document.  The only document referenced in the Special Warranty Deed and Mortgage is the LMA.  There is

---

[2]*TLZ Prop.'s v. Kilburn-Young Asset Mgmt. Corp.*, 937 F.Supp. 1573 (M.D.Fla. 1996) (under §725.01, a contract that is not fully performed is unenforceable if not in writing)

never any mention of the ground lease or the assignment of the ground lease, and therefore the Special Warranty Deed and Mortgage cannot be said to constitute a valid assignment of the lease. Since there is no written memorandum that confirms there was an assignment between the parties, no valid assignment ever occurred.[3]

   C.   Ejectment

Having decided that there was no assignment, I turn to whether ejectment is proper. "Any . . . lessee . . . may be removed from the premises . . . where such a person holds over without permission after failing to cure a material breach of the lease . . . ." Fla.Stat. §83.20.[4] In this case, APWU and 172 were given notice that they were in breach of the lease on two separate occasions. They were mailed letters by the USPS on October 28, 2005, and Febraury 16, 2006, and did nothing to attempt to cure the breaches of the lease. According to Paragraph 24 of the ground lease, after giving notice of the breaches, the USPS had to allow sixty days for APWU and 172 to cure the breach before the lease could be terminated. More than 60 days lapsed without any curative action before the lease was terminated on April 27, 2006.

---

[3] UNLA cites to two cases to argue that the assignment need not be in writing. However, both of these cases are easily distinguished. First, *Boulevard Nat'l Bank of Miami v. Air Metals Indus. Inc.*, 176 So.2d 94 (Fla. 1965), dealt with the assignment of an "account receivable,"not a land sale, a lease of over one-year, or another type of agreement that could not be fulfilled within the one-year limit. Second, *Mangum v. Susser*, 764 So.2d 653 (FLA. 1st DCA 2000) did find that an oral lease for a rental property that extended beyond one-year did not violate the statute of frauds. However, two issues separate *Mangum* from the present case. The holding in *Mangum* regarding the statute of frauds was specific to a lease, not an assignment. Second, and more importantly, the lease was considered a month-to-month tenancy at will, so that the lease was effectively monthly, not a lease for a period greater than one-year, and therefore not violative of the statute of frauds.

[4] State law and not federal "common" law should be applied to an action for ejectment. *See Powers v. United States Postal Service*, 671 F.2d 1041 (7th Cir. 1982) (Also noting that there is no federal common law for landlord tenant law).

Under the CDA, this court has no jurisdiction to rehear any arguments pertaining to the termination of the lease and cannot question whether the lease was actually breached and properly terminated. Now that the lease is terminated, and APWU, 172 and UNLA are holding over, it is clear that the USPS is entitled to ejectment in order to regain possession of the property.

      D.      <u>Betterment</u>

It was previously decided that any argument relating to the counterclaims for betterment should be postponed until after it was determined whether ejectment was proper. Having decided that ejectment is proper, the counterclaims for betterment are now ripe. The parties have to until November 3, 2008 to file any motions or briefs pertinent to these claims. If the parties believe oral argument is necessary to resolve this issue, they must move for argument, advising the court of an agreed upon date.

**IV.**      **Conclusion**

Without a valid assignment, UNLA is not a party to the contract, and therefore has no right to appeal the contracting officer's decision under the CDA. APWU and 172 requested reconsideration of the decision, but never formally appealed the decision through one of the two routes provided by the CDA. All opportunities to appeal the termination under the CDA have passed, and the contracting officer's decision to terminate the lease is no longer reviewable. USPS's motion for summary judgment on the ejectment claims against APWU, 172 and UNLA is **GRANTED**. Since it is not a party to the lease, UNLA's motion for summary judgment is **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida, this 21st day of October 2008.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies to:

The Honorable Ted E. Bandstra

All counsel of record