UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21682-CIV-COOKE/BANDSTRA

UNITED STATES POSTAL SERVICE

    *Plaintiff*,

v.

AMERICAN POSTAL WORKERS UNION,
MIAMI AREA LOCAL *et al.*,

    *Defendants*.

_____/

**ORDER DENYING UNLA'S MOTIONS TO DETERMINE A CLAIM FOR BETTERMENT AND GRANTING IN PART AND DENYING IN PART USPS'S MOTION TO DISMISS UNLA'S AMENDED COUNTERCLAIM**

**THIS MATTER** is before me upon Defendant United National Learning Academy, Inc.'s ("UNLA") motion to determine a claim for betterment and motion to reassert a claim for betterment, [D.E. 126; 139], and on Plaintiff United States Postal Service's ("USPS") motion to dismiss [D.E. 84] UNLA's amended counterclaim [D.E. 57] for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons stated below, UNLA's motions to determine a claim for betterment are denied and USPS's motion is granted in part and denied as moot in part.

**I. BACKGROUND**

On July 26, 1990, USPS entered into a ground lease (the "Lease") with American Postal Workers Union, Miami Area Local ("APWU") and One Seven Two Holding Association, Inc. ("172") for the construction and operation of a not-for-profit dependent child care facility. APWU and 172 built the daycare facility on the leased property (the "Property"). On June 24, 1994, APWU and 172 entered into a lease managing agreement with UNLA to provide day care

services on the Property.  In 2002, UNLA became interested in purchasing the building which housed the child care facility, and obtaining APWU's and 172's interests in the Lease.  Although USPS signed a consent agreement for the assignment of the Lease to UNLA, neither APWU, 172 nor UNLA signed and returned the consent agreement.  UNLA nevertheless did purchase the facility and continues operating it as a daycare center.  On July 30, 2002, UNLA, APWU and 172 executed a Special Warranty Deed and Mortgage for the building on the property.  USPS received a copy of these agreements.

As USPS determined that APWU and 172 breached the Lease on several grounds, USPS eventually terminated it.  Although APWU and 172 addressed a request for reconsideration of the termination to USPS, they never formally appealed the decision pursuant to the terms of the Lease.  USPS never sent any notice of termination to UNLA, but an APWU and 172 executive did forward a copy of the termination letter to UNLA on June 30, 2006.

On June 29, 2007, USPS filed against APWU, 172 and UNLA a complaint for ejectment, which USPS later amended.  [D.E. 1; 51].  On August 9, 2007, UNLA filed a counterclaim against USPS for compensation for betterment of the Property, which UNLA later amended. [D.E. 18; 57].  USPS, subsequently moved to dismiss UNLA's amended counterclaim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), [D.E. 84], to which UNLA responded, [D.E. 102].  On July 22, 2008 USPS filed a reply.  [D.E. 112]. The parties moved for summary judgment, [D.E. 79; 80], and the court issued, on October 21, 2008, an order granting summary judgment to Plaintiff, followed, on October 30, 2008, by a final judgment of ejectment [D.E. 122; 124].  The October 21st order stated:

> It was previously decided that any argument relating to the counterclaims for betterment should be postponed until after it was determined whether ejectment was proper.  Having decided that ejectment is proper, the counterclaims for

2

>  betterment are now ripe. The parties have [ ] until November 3, 2008 to file any
>  motions or briefs pertinent to these claims. If the parties believe oral argument is
>  necessary to resolve this issue, they must move for argument, advising the court
>  of an agreed upon date.

Accordingly, UNLA filed, on November 3, 2008, a motion for betterment against USPS, to which USPS answered. [D.E. 126; 128]. UNLA replied on November 26, 2008. [D.E. 137]. On March 25, 2009, a hearing was held at which the Court directed the parties to file, by March 27, 2009, briefs regarding the apparent inapplicability of the betterment statute to Defendants. At that same hearing, USPS, for the first time, argued that the betterment counterclaim was barred because USPS had not waived the government's sovereign immunity. On Thursday evening, UNLA filed an agreed motion for extension of time to file its supplemental briefs. *See* D.E. 146. The following day, the Court denied that motion. *See* D.E. 147. USPS subsequently filed its supplemental brief [D.E. 148], arguing that this Court lacks subject matter jurisdiction over the betterment claim because USPS has not waived sovereign immunity, and that, in the alternative, even if the Court finds jurisdiction, the betterment claim cannot proceed because UNLA cannot show that it validly derived good legal or equitable title to the property. UNLA did not file a brief on Friday but, did on Sunday file a Motion to Accept Late Served Memorandum of Law [D.E. 149], and its supplemental brief [D.E. 150]. I have reviewed the Motion and accept the late filing. The Court has considered UNLA's supplemental brief [D.E. 150] in addressing the betterment issues.

Because subject matter jurisdiction over the betterment claim, or the lack thereof, is implicated in USPS's pending motion to dismiss UNLA's counterclaim for betterment [D.E. 84], and UNLA's motions for betterment [D.E. 126; 139], the motions will be addressed together.

## II. LEGAL STANDARD

### A. The Betterment Claim

Pursuant to Fla. Stat. § 66.041, a defendant who lost an ejectment action may petition the court to obtain compensation from a plaintiff for the improvement made to the property. The statute states:

> If a judgment of eviction is rendered against defendant, within 60 days thereafter, or if he or she has appealed, within 20 days after filing the mandate affirming the judgment, defendant may file in the court in which the judgment was rendered a petition setting forth that:
>
> (1) Defendant had been in possession and that he or she or those under whom defendant validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered;
>
> (2) Defendant or those under whom defendant validly derives held the property at the time of such improvement under an apparently good legal or equitable title derived from the English, Spanish, or United States Governments or this state; or under a legal or equitable title plain and connected on the records of a public office or public offices; or under purchase at a regular sale made by an executor, administrator, guardian or other person by order of court; and
>
> (3) When defendant made the improvements or purchased the property improved, he or she believed the title which he or she held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to defendant therefor.

Further, pursuant to Fla. Stat. § 66.061, "[i]f an answer is filed, trial shall be on the issues made."

### B. The Motion to Dismiss for Lack of Subject Matter Jurisdiction

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction) (citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter

4

jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56" by examining and weighing evidence related to the court's subject matter jurisdiction – it's authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981), *cert. denied*, 454 U.S. 897 (1981)).

Additionally, "[s]overeign immunity of the United States is an issue of subject matter jurisdiction and, thus, may be raised at any time." *United States. v. Land, Shelby County,* 45 F.3d 397, 398 n.2 (11th Cir. 1995). "The United States cannot be sued without its consent, *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), and this restriction applies whether the claim against it is asserted in the form of an original action or as a counterclaim. *United States v. Shaw*, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940)." *United States. v. Timmons*, 672 F.2d 1373, 1378 (11th Cir. 1982). However,

5

> [w]aiver of immunity may occur, [ ], through the United States' institution of an action. As it has been succinctly stated by the former Fifth Circuit:
>
> (A) defendant is either compelled by (Fed.R.Civ.P.) 12(a) or permitted by 13(b), to counterclaim against the sovereign within the limits to which the sovereign immunity has been given up by the United States by other provisions of law. The waiver can be by statutory consent to be sued or by the institution of the particular action. Our conclusion is that when the sovereign sues it waives immunity as to the claims of the defendant which assert matters in recoupment-arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims . . . .

*Timmons*, 672 F.2d at 1379-80 (citations omitted). In essence, for a counterclaim to be permitted to be brought against the United States, the counterclaim must arise out of the same transaction or occurrence as the government's action, and must not seek an affirmative award. *See Chamberlain v. United States*, 687 F.Supp. 1534, 1536-37 (S.D. Ala.,1988) ("[T]he government waives its sovereign immunity to some extent whenever . . . it files an action. This waiver, however, is limited to claims arising out of the same transaction or occurrence as the government's claim and which seek nothing beyond defeat of the government's claim. Conversely, no waiver of immunity occurs to the extent the counterclaimant seeks an affirmative recovery.") (citations omitted).

**III. ANALYSIS**

    **A. UNLA's Petition for Betterment**

        **1. Subject Matter Jurisdiction over UNLA's Betterment Petition**

USPS first argues that only the United States Court of Federal Claims has jurisdiction over UNLA's betterment petition. USPS claims that "[t]he contracts [including the Lease] determine the parties' respective rights and obligations with respect to the property and improvements upon termination of the [Lease], and therefore establish UNLA's entitlement to compensation upon termination." (USPS's Resp. to UNLA's Mot. For Betterment at 2). Accordingly, USPS alleges, the betterment petition should be resolved in accordance with the Contract Disputes Act ("CDA"), which is applicable to the Lease. 41 U.S.C. §§ 601-13; (USPS's Resp. to UNLA's Mot. For Betterment at 3).

The CDA applies to government contracts and gives jurisdiction to the United States Court of Federal Claims for claims arising out of those contracts. 41 U.S.C. § 609. USPS argues that many district courts have held that the CDA preempts their jurisdiction when a *subcontractor* brings an equitable claim against USPS. (USPS's Mot. to Dismiss UNLA's Am. Countercl. at 12; USPS's Resp. to UNLA's Mot. for Betterment at 3). UNLA, however, is not a *subcontractor* with respect to the contractual relationship established by the Lease between USPS and APWU and 172. This Court has already determined that there was no valid assignment of the Lease to UNLA. (Order on Mot. For Summ. J. at 6). Therefore, UNLA is a mere third-party. Moreover, "[w]hether an action is founded upon a contract is determined by looking to the source of the rights, upon which plaintiff bases its claims and the nature of the relief sought." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F. 2d 800, 807 (11th Cir. 1993). UNLA's action is founded upon the Florida betterment statute and not the

Lease.  UNLA's claim is not based on a government contract, *i.e*. the Lease[1].  Therefore, the CDA does not apply to UNLA's betterment claim and does not deprive this Court of subject matter jurisdiction to review it.

This, though, does not end the jurisdictional analysis.  USPS has further argued that this Court lacks subject matter jurisdiction over the betterment claim because the government has not waived sovereign immunity[2].  I must agree.  USPS's filing of suit did not, in and of itself, waive sovereign immunity for any claims against USPS.  *See Chamberlain,* 687 F.Supp. at 1537 ("[N]o waiver of immunity occurs to the extent the counterclaimant seeks an affirmative recovery.").  The betterment counterclaim does not seek to defeat the government's claim, but instead, clearly seeks affirmative recovery, and thus this Court does not have subject matter jurisdiction over the betterment counterclaim.  This is reason alone to dismiss the counterclaim for betterment and deny the motions for betterment.  However, even if this Court had jurisdiction, the counterclaim for betterment could not proceed.

---

[1] USPS has argued both that UNLA is not subject to the Lease and that UNLA is subject to the Lease.  First, in arguing that USPS was not required to provide UNLA notice of termination, USPS asserted that UNLA was not a party.  Now, USPS argues that even if UNLA is not a party, the issue stems from the Lease, and so UNLA is subject to it.  These positions cannot be reconciled.

[2] In its supplemental brief [D.E. 150] UNLA has argued that USPS cannot raise a defense based on the Federal Tort Claims Act ("FTCA").  As the Court understands USPS's argument, the FTCA is not at issue.  In fact, in USPS's supplemental brief [D.E. 148], the FTCA is not mentioned in the argument regarding sovereign immunity.  UNLA's contention that USPS cannot now raise a sovereign immunity defense is without merit.  Although the defense certainly could have been raised sooner, and would likely have avoided the need for a hearing or supplemental briefing, the defense of lack of subject matter jurisdiction may be raised at anytime and any stage of a proceeding.  *See* Fed. R. Civ. P. 12(h).

### 2. The Validity of UNLA's Petition for Betterment

A defendant who lost an ejectment action must file his petition within 60 days after the judgment rendered against him.  Fla. Stat. § 66.041.  UNLA filed its motion for betterment on November 3, 2008, five days after the Final judgment of ejectment was entered.  At that time, UNLA's petition was timely.  Because of some confusion as to whether the final order of ejectment [D.E. 124] was certified as final pursuant to Federal Rule of Civil Procedure 54, the Court has since entered an amended final order of ejectment [D.E. 157].  However, the Court will consider the original petition for betterment [D.E. 139] as timely filed and will use that petition as the basis for its analysis.

The petition shall set forth, *inter alia*, that: "(3) when defendant made the improvements or purchased the property improved, he or she believed the title which he or she held or purchased to the land thus improved to be a good and valid title."  Fla. Stat. § 66.041.  UNLA did not allege that it believed it had a valid title to the land.  UNLA alleged that 1) it believed it had a valid leasehold interest to the land and 2) that it holds a valid title to the facility built on the land.  (UNLA's Mot. For Betterment at 2).  Therefore, UNLA did not set forth the requisite allegations in its petition.  UNLA's petition is invalid, thus its claim must fail.

Even if the petition was valid, UNLA would still not be entitled to compensation under the betterment statute.  The betterment statute only applies to a defendant in an ejectment action who believed he or she had a good title to the land.  Fla. Stat. § 66.041.  Even had the Court found that UNLA had a valid assignment of the Lease, which is the best position in which it could have been had UNLA properly executed the assignment, it would still not be entitled to betterment due to the lack of good faith belief that they held a title to the land.  Moreover, "unless otherwise agreed by the owner, permanent improvements made by a tenant to leased

9

property become the property of the landlord." *Zamora v. Orozco*, 980 So. 2d 564, 565 (Fla. 5th DCA 2008). No such agreement exists here. In fact, if the Lease applied, the express provision denying compensation for improvements would likely apply.

Perhaps most importantly, UNLA in its supplemental brief [D.E. 150] has conceded that it is not entitled to statutory betterment as it cannot, and never did, claim that it occupied the property under claim of title.

### B. UNLA'S Apparent Request that the Court Consider its Betterment Claim as a Claim for Unjust Enrichment

Although in many of its pleadings and motions UNLA has used the term "unjust enrichment," the counterclaim brought was a statutory claim of betterment. At this stage of the proceeding, it is improper for UNLA, using a supplemental brief, to put forth for the first time the argument that the Court should consider not just the statutory claim but a claim in equity. A claim for restitution or unjust enrichment is not necessarily foreclosed by this order, but simply cannot be brought in the manner presented by UNLA.

Related to UNLA's request that the Court bypass the betterment claim and address unjust enrichment is the assertion by UNLA that eviction, and not ejection, was the proper claim to be brought by USPS. UNLA never moved to dismiss the claim of ejectment as improper, in favor of a claim for eviction. Even if they had, here, ejectment was the proper action. "Ejectment is an action for the determination of the right to possess real property against one who presently possesses it wrongfully." 20 Fla. Jur 2d Ejectment and Related Remedies § 1 (2009). Wrongful possession, not wrongful possession under claim of ownership, is the key to ejectment. Eviction, or an action for possession, differs markedly from ejectment. Such an action is premised on a rental agreement where some form of landlord/tenant relationship exists. *See* Fla.

Stat. § 83.  The Court has already found that no such relationship existed between USPS and UNLA because there was no valid assignment of the lease to UNLA.

**IV. CONCLUSION**

For the reasons set forth above, UNLA's Motion to Accept Late Served Memorandum of Law [D.E. 149] is **GRANTED**, and UNLA's motions to determine a claim for betterment [D.E. 126; 139] are **DENIED.**  Further, the Court finding that UNLA cannot maintain a statutory betterment counterclaim, and that even if they could, sovereign immunity bars such a claim here, USPS's motion to dismiss UNLA's counterclaim [D.E. 84] is **GRANTED** in so far as this Court lacks subject matter jurisdiction over the betterment counterclaim, and otherwise  **DENIED** *as moot*.  UNLA's counterclaim for betterment is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this day of March 2009.

_____
MARCIA G. COOKE
United States District Judge


Copies to:
*The Honorable Ted E. Bandstra*
*All counsel of record*